UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| B&G FOODS NORTH AMERICA, INC.,<br><br>                              Plaintiff,<br><br>   v.<br><br>KIM EMBRY and ENVIRONMENTAL HEALTH ADVOCATES, INC., acting as enforcement representatives under California Proposition 65 on behalf of the State of California,<br><br>                              Defendant. | NO.  2:24-mc-00014-JNW<br><br>**PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S MOTION TO ENFORCE ITS SUBPOENA TO NONPARTY INSTITUTE FOR ENVIRONMENTAL HEALTH, INC. D/B/A IEH LABORATORIES & CONSULTING GROUP (REQUEST NOS. 1–3, 5–8, 13–16, 36; TOPIC NOS. 1–3, 5–10, 12–16, 34)**<br><br>**NOTE ON MOTION CALENDAR: MARCH 22, 2024** |

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

This is a miscellaneous action to enforce a discovery subpoena in an underlying federal lawsuit in the United States District Court for the Eastern District of California styled *B&G Foods North America, Inc. v. Kim Embry and Environmental Health Advocates, Inc.*, Case No. 2:20-cv-00526-KJM-DB (March 6, 2020). B&G Foods North America, Inc. ("B&G Foods") respectfully moves to compel Institute for Environmental Health, Inc. d/b/a IEH Laboratories & Consulting Group ("IEH") to produce responsive documents and designate a corporate deponent to testify in response to the January 25, 2024 subpoena.

## INTRODUCTION

B&G Foods sued Defendants Kim Embry and shell environmental organization Environmental Health Advocates, Inc. ("EHA") to stop their unconstitutional sham California Proposition 65 litigation. IEH is Defendants' captive laboratory, who for years supplied Defendants with test results that purportedly showed foods contained the chemical acrylamide when they did not, or at least not at the level at which Prop 65 would be violated. Based on these test results, Defendants filed thousands of Prop 65 claims and extorted businesses out of millions of dollars.

Prop 65 is a California voter initiative that authorized private individuals, like Defendants, to serve as private attorneys general and sue companies if their products might expose consumers to any of 900-plus chemicals California claims to "know" cause cancer or birth defects. If these private attorneys general are successful in their claims, businesses are forced to put a "cancer" or "birth defect" warning on their products.

One of the chemicals on the Prop 65 list is acrylamide. Synthetic acrylamide is used in some industrial applications and in large quantities has been shown to be toxic to mice. Acrylamide also naturally occurs in all sorts of food when it is cooked, including bread, cakes, nuts, beans, and coffee, to name but a few. There is no evidence that acrylamide in food is harmful. When acrylamide was added to the Prop 65 list, no one knew it was present in many

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

foods, and when scientists discovered that decades later, California did not remove or limit the listing of acrylamide.

This resulted in a tidal wave of Prop 65 acrylamide litigation, much of it initiated by Defendants. In 2020, the United States District Court for the Eastern District of California held, and the Ninth Circuit affirmed, that Prop 65 acrylamide litigation, as applied to food and beverages where there was no evidence of harm, violated the First Amendment because a warning that food containing acrylamide causes cancer is not true. *Cal. Chamber of Com. v. Becerra*, 529 F. Supp. 3d 1099, 1117–18 (E.D. Cal. 2021), *aff'd*, 29 F.4th 468, 478 (9th Cir. 2022).

B&G Foods was one of the thousands of businesses targeted by Defendants' unconstitutional lawsuit. On March 6, 2020, B&G Foods filed the underlying action against Defendants under 42 U.S.C. § 1983. To establish that Defendants' unconstitutional Prop 65 lawsuits were not protected by the *Noerr-Pennington* doctrine, B&G Foods alleges Defendants' lawsuits were shams because, among other things, they were not based on sufficient, reliable evidence or the result of an adequate investigation. (Declaration of David H. Kwasniewski ("Kwasniewski Decl."), Ex. E (Order Denying Mot. to Dismiss at 9) ("[D]efendants use an unreliable, out-of-state laboratory to produce inaccurate NSRL results; destroy the product samples so they cannot be retested; refuse to conduct the required pre-lawsuit investigation; and use fraudulent test results in Notices of Violation and lawsuits with the aim of collecting fees rather than ending violations of Proposition 65, all without a legitimate basis. These allegations plausibly support B&G's claims that Defendants are not entitled to the protection of the *Noerr-Pennington* doctrine because their underlying lawsuits do not seek vindication in the courts, but rather abuse legal process for private gain.") (citations omitted)).

B&G Foods served the instant subpoena on IEH seeking evidence regarding whether Defendants' litigation was a sham in light of IEH's unreliable product testing. IEH refused to

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

produce relevant documents and a witness on relevant topics. Accordingly, with this motion, B&G Foods seeks to compel IEH to produce documents and a witness on a discrete set of topics.

*First,* IEH should produce documents and testify about the condition of the products they tested when they were received from Defendants and when they were tested. (Req. and Topic Nos. 2, 5.) This is relevant because it bears on whether the products were contaminated, adulterated, or damaged in a way that might affect the reliability of the test results. For example, discovery in this case has already revealed that Defendants instructed IEH to burn some of the products they received before testing them to increase the amount of acrylamide in the food. Manipulation of the products in this manner bears directly on whether Defendants' litigation was a sham.

*Second*, IEH should produce documents and testify about its standard operating procedures, including quality assurance and testing methodologies, and the known issues therewith that resulted in hundreds of unreliable test results. (Req. Nos. 8, 13–16, 36; Topic Nos. 3, 7–10, 12–16.) Defendants have admitted that IEH's test results were routinely unreliable. If IEH deviated from industry-standard SOPs, used improper methodologies, or failed to maintain standard quality assurance protocols in order to deliver these unreliable results, that would further support a finding of sham litigation.

*Third*, IEH should be ordered to produce documents and testify about test results it generated for Defendants' other Prop 65 acrylamide cases, including test results, calibration reports, batch reports, internal memos, calibration findings, and all its flawed testing. (Req. Nos. 6, 7 and Topic No. 34.) These are likewise relevant to show that Defendants cherry-picked test results on which to base their claims, despite knowing that the actual acrylamide levels in the products are likely much lower, and that Defendants engaged in a pattern of filing Prop 65 cases without regard for their merits.

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# BACKGROUND

## A. The Parties

B&G Foods is a 130-year-old food company whose portfolio includes both time-honored legacy brands like Crisco, Green Giant, and Ortega, and newer, innovative offerings. One of its brands is Snackwell's, which made delicious cookies.

Defendant EHA was formed by a group of lawyers. The only thing that it has done since its inception five years ago is act as a "plaintiff" in over 1700 claims under Proposition 65. *See* 60-Day Notice Search, State of California Department of Justice, https://oag.ca.gov/ prop65/60-day-notice-search (search Plaintiff or Plaintiff's attorney for "Environmental Health Advocates, Inc." and "Embry").

Defendant Kim Embry, who resides in Spain, is the former secretary of one of EHA's founding attorneys. EHA's attorneys previously used Ms. Embry to serve as a "plaintiff" in hundreds of others Proposition 65 lawsuits.

## B. The State Court Litigation

On March 6, 2020 and again on January 22, 2021, Defendants filed suit against B&G Foods in Alameda Superior Court, alleging that Snackwell's cookies violated Prop 65 because they contained acrylamide.[1] (Kwasniewski Decl., Exs. A–B.) The court dismissed Defendants' claims because they failed to comply with Prop 65. (*Id.*, Ex. C (July 12, 2023 Order).) The only evidence that Snackwell's cookies violated Prop 65 was a test result from IEH which claimed the cookies contained impossibly high levels of acrylamide.

## C. The Instant Litigation

On March 6, 2020, B&G Foods filed its complaint in Eastern District of California alleging Defendants' abused their deputized authority to unconstitutionally compel speech

---

[1] The State of California acknowledged that acrylamide in food is not "known" to cause cancer in humans. (Kwasniewski Decl., Ex. D ¶¶ 56–60.) The absence of evidence linking acrylamide in food to cancer led the Eastern District of California to hold that Prop 65 acrylamide litigation is unconstitutional under the First Amendment. *Cal. Chamber of Com.,* 529 F. Supp. 3d at 1117–18. The Ninth Circuit agreed. *Cal. Chamber of Com.*, 51 F.4th at 478.

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

through shakedown lawsuits, which serve to extract settlements rather than protect the public interest.

On November 23, 2022, B&G Foods filed the operative Second Amended Complaint. (*Id.*, Ex. D.) The SAC adds allegations that Defendants spoliated evidence (*Id.* ¶¶ 70, 75–76), claimed they filed code-compliant notices of violation and certificates of merit when they did not (*Id.* ¶¶ 86–102), and made false statements in their complaints regarding their investigation and the basis for their claims (*Id.* ¶¶ 124–30). On June 1, 2023, the district court denied Defendant's motion to dismiss, and the parties commenced with discovery. (Kwasniewski Decl., Ex. E.)

**D.  The IEH Subpoena**

On June 16, 2023, B&G Foods subpoenaed IEH for documents and testimony. (*Id.*, Ex. F.) On November 20, 2023, IEH responded to B&G Foods's subpoena. (*Id.*, Ex. H.) IEH produced one test result, two calibration reports, and three submission forms. (*Id.* ¶ 19.) Its production otherwise consisted of public filings and communications with B&G Foods. *Id.*

On December 20, 2023, B&G Foods met with IEH to discuss its responses. (*Id.*, Ex. I.) IEH continued to refuse to testify to 17 topics but agreed to produce all documents responsive to B&G Foods's requests, except Nos. 33 (communications concerning litigation holds) and 34 (testing on all B&G Foods products). (*Id.*)

On January 8, 2024, IEH supplemented its production with 13 emails, 30 submission forms, 43 invoices, and 54 test results. (*Id.* at ¶ 24.) On February 5, B&G Foods flagged that IEH had not produced *any* documents responsive to 12 requests, including Nos. 15 (inaccurate acrylamide test results) and 33 (litigation holds), and had not completed its production with respect to 20 more. (*Id.*, Ex J.) IEH refused to supplement its production. (*Id.*, Ex. K.)

### CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 37(A)(1)

Pursuant to Local Civil Rule 37(a)(1), B&G Foods has in good faith conferred with IEH to resolve this dispute without court action. These communications include the above-described telephone conference on December 20, 2023, and email communications occurring between

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

December 20, 2023 and February 5, 2024. The participants on these conferences were Mr. Kwasniewski, Mr. Schlabs and Ms. Tirgardoon, for B&G Foods, and Mr. Crowe, for IEH.

## STANDARD OF REVIEW

"[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment. "The party opposing the subpoena bears the burden of showing that it is unduly burdensome." *Simplex Mfg. Co. v. Chien*, No. C12-835RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012) (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966)).

## ARGUMENT

B&G Foods seeks the production of three narrowly tailored categories of documents and testimony from IEH, which capture highly relevant materials: (1) the condition of the tested products, which will demonstrate the reliability of the test results; (2) IEH's testing policies and inaccurate test results, which will show IEH's failure to produce valid test results; and (3) IEH's test results for Defendants' acrylamide Notices of Violation and IEH's inaccurate test results, which will demonstrate Defendants' pattern of filing meritless Prop 65 actions.

IEH has failed to provide a substantially justifiable reason for withholding these relevant documents or testimony. The information B&G Foods seeks is crucial to demonstrating that Defendants' baseless acrylamide cases are sham litigation, made possible by IEH's unreliable testing and destruction of evidence.

### I. B&G FOODS IS ENTITLED TO IEH'S DOCUMENTS AND TESTIMONY RELATING TO THE CONDITION OF THE SUBJECT PRODUCTS

B&G Foods requests IEH produce and testify to the following, which have been further streamlined following the Parties' conference and in consideration of IEH's third-party status (Fed. R. Civ. P. 26(b)(1)):

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

| Request Nos. | Topic No. | B&G Foods Seeks |
|---|---|---|
| 2 | 2 | All documents and testimony regarding the condition of the test products at the time of receipt. |
| 5 | 5 | All documents and testimony regarding the current condition of the test products. |

B&G Foods requests documents and testimony regarding the condition of the test samples, including documentation logging the condition of the product at each stage of testing (receipt, storage, testing, maintenance) and photographs of the product. Prop 65 protects against exposure from using a product in its "reasonably anticipated" manner. *DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 192–93 (2007) (California Code of Regulations § 12821 limits exposure assessment to reasonably anticipated use by average consumers); *As You Sow v. Conbraco Indus.*, 135 Cal. App. 4th 431, 438–39, 451–52 (2005) (agency "clarifie[d] that the term 'medium' refers to the substance, or mixture of substances, that creates the exposure (i.e. water, air, soil, food mixed with or containing the chemical in question) or that closely duplicates the actual exposure conditions."). If the condition of the product being tested was not representative of exposure caused by "reasonably anticipated" consumer use, then IEH's test results would be unreliable, as they could exaggerate the level of acrylamide in the product (or create acrylamide not normally present). IEH's failure to maintain representative test conditions bears on whether Defendants' ensuing litigation—which was based on these test results—was actually a sham.

## II. B&G FOODS IS ENTITLED TO IEH'S TESTING POLICIES AND DOCUMENTS AND TESTIMONY REGARDING ITS INACCURATE TESTING

B&G Foods requests IEH to produce materials and testify about the following. During the meet and confer process, IEH admitted these requests and topics are relevant, agreed to produce documents and a witness, yet has failed to do so. (Kwasniewski Decl. ¶ 21 & Ex. H.)

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

| Request Nos. | Topic No. | B&G Foods Seeks |
|---|---|---|
| 8 | 8 | All documents and testimony relating to IEH's quality assurance policies, including those employed in testing the subject products |
| 13 | 13 | All documents and testimony relating to IEH's policies and procedures for preventing cross-contamination, including those employed in testing the subject products |
| 36 | 7 | All documents and testimony relating to the industry standard for performing Proposition 65 food testing, and documents demonstrating IEH's compliance |
| N/A | 3, 9, 10, 12 | Testimony regarding IEH's storage and receipt of products policies, including its compliance with the policies relating to the subject products |
| 14 | 14 | All documents and testimony relating to the error rate of the methodologies IEH used to test products for acrylamide. |
| 15, 16 | 15, 16 | All documents and testimony relating to inaccurate acrylamide test results. |

This discovery is relevant and appropriate because IEH has already produced evidence showing its test results were unreliable. Specifically, Defendant EHA's founder and lawyer, Noam Glick, complained to IEH that its testing was so unreliable that he was struggling to convince the businesses he sued to pay the ransom he demanded. (*Id.,* Ex. M.)

If IEH's test results were unreliable, and Defendants knew about it, but continued to use IEH's results to prosecute their claims, this is sham litigation. Accordingly, B&G Foods is entitled to documents and testimony regarding IEH's SOP, testing methodologies, and quality assurance protocols to evaluate how and why IEH's testing was unreliable, and the extent of Defendants' knowledge of their unreliability.

Similarly, B&G Foods is entitled to discovery showing whether IEH's test results have been deemed unreliable. If it turns out IEH's test results are unreliable, that would support a finding a sham litigation. (*Id.*, Ex. H at 6-8.)

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### III. B&G FOODS IS ENTITLED TO IEH'S DOCUMENTS AND TESTIMONY RELATING TO TESTING OF *OTHER* PRODUCTS FOR ACRYLAMIDE AT THE REQUEST OF DEFENDANTS

B&G Foods requests IEH produce the following materials, which have been further streamlined and are "relevant" and "proportional to the needs of the case" (Fed. R. Civ. P. 26(b)(1)):

| Request Nos. | Topic No. | B&G Foods Seeks |
|---|---|---|
| 7 | 6 | All documents and testimony relating any testing of B&G Foods products for acrylamide. |
| 34 | N/A | All documents relating any testing of B&G Foods's products. |

IEH has agreed to respond to the above-mentioned requests and topics limited to the products in the underlying state court acrylamide cases. This agreement is excessively constrictive, preventing B&G Foods from obtaining highly relevant materials—namely, its testing for Defendants' *other* acrylamide cases, including test results, calibration reports, batch reports, internal memos, and calibration findings.

The question of sham litigation necessarily turns on whether Defendants filed "a pattern of baseless, repetitive claims." *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 58 (1993) (quoting *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972)) (internal quotations omitted).

Defendants exclusively relied on IEH's testing for years. Defendants have conceded that they have had to "withdraw notices, and even dismiss filed complaints, as a result" of IEH's "faulty work." *Supra,* at 8 (citing Kwasniewski Decl., Ex. M). Even after Defendants knew of the issues with IEH's testing, Defendants continued to prosecute claims based on this testing—including the underlying lawsuit against B&G Foods—for years. To aid the court in assessing if Defendants filed baseless acrylamide lawsuits using knowingly unreliable test results, B&G Foods requests all documents related to IEH's acrylamide testing for Defendants.

*Second*, for all the same reasons, IEH's tests are relevant to showing that Defendants did not bring their claims in the "public interest," as required under California regulations (Cal.

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Health & Safety Code § 25249.7(d)), and are rather "bounty hunters" *Consumer Def. Grp. v. Rental Hous. Indus. Members*, 137 Cal. App. 4th 1185, 1206 (2006). This is a separate and independent basis for finding Defendants' lawsuits are shams, and thus a separate and independent basis for the relevancy of the requested discovery.

Additionally, the requested discovery is directly linked to specific allegations in the Complaint. *Calence, LLC v. Dimension Data Holdings*, 2007 WL 9776388, at *1 (W.D. Wash. Feb. 12, 2007) (relevant discovery should "focus on the actual claims and defenses involved in the action"). For instance, the B&G Foods Second Amended Complaint alleges that "IEH routinely uses improper or unreliable testing methodologies to produce skewed results showing unusually high levels of acrylamide are present in foods. B&G Foods' own testing showed that the acrylamide levels in the Cookies were an order of magnitude lower and, crucially, below the NSRL." (Kwasniewski Decl., Ex. D). The Eastern District of California cited this allegation, among others, in determining B&G Foods had plausibly alleged Defendants engaged in sham litigation.

## **CONCLUSION**

For the reasons set forth above, B&G Foods respectfully requests that the Court grant B&G Foods' Motion to Enforce.

Dated this 6th day of March, 2024.

BYRNES KELLER CROMWELL LLP

By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA #28441
    1000 Second Avenue, 38th Floor
    Seattle, Washington  98104
    Telephone: (206) 622-2000
    jmcwilliam@byrneskeller.com

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

David H. Kwasniewski (*Pro hac vice forthcoming*)
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
kwasniewski@braunhagey.com
***Attorneys for Plaintiff B&G Foods***
***North America, Inc.***

## **WORD COUNT CERTIFICATION**

I certify that this memorandum contains 2,998 words, in compliance with the Local Civil Rules.

PLAINTIFF B&G FOODS NORTH AMERICA, INC.'S
MOTION TO ENFORCE - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000