UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B&G Foods North America, Inc., | No. 2:24-cv-01396-KJM-SCR |
| Plaintiff, | |
| v. | ORDER |
| Kim Embry, et al., | |
| Defendants. | |

Before the Court is Plaintiff B&G Foods North America, Inc.'s ("B&G") motion to enforce a subpoena as to nonparty Institute for Environmental Health, Inc. ("IEH") (the "Motion"). ECF No. 27. The undersigned held a hearing on the Motion on October 10, 2024. For the reasons set forth herein, the Motion is denied.

**Procedural History**

This subpoena enforcement action is related to an underlying action in which B&G is suing Kim Embry and Environmental Health Advocates ("EHA"), Case No. 20-cv-0526. *See* ECF No. 23 (Related Case Order). B&G accuses the defendants in the underlying action of engaging in sham litigation concerning the chemical acrylamide under California's Proposition 65 regime. In the instant action, B&G alleges that IEH is a "captive laboratory" that assists in the alleged sham litigation carried out by Kim Embry and EHA. ECF No. 29 at 2.[1] IEH states it is

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF

1

an independent laboratory with more than one hundred locations operating in multiple countries. *Id.* at 3.  It denies the "captive laboratory" assertion.  *Id.*

B&G initially issued a Rule 45 subpoena to IEH on June 16, 2023 seeking documents and deposition testimony.  *Id*. at 4.  That subpoena did not result in the production of documents or the scheduling of a deposition, for reasons that the Court need not recount here.  On November 7, 2023, B&G served a second subpoena on IEH, making 37 document requests and identifying 37 topics for deposition.  ECF Nos. 10, ¶ 4, 10-4.  Despite raising objections to the subpoena, IEH disclosed responsive documents in November and December of 2023 and the parties met and conferred concerning disputes about the subpoena.[2]

IEH made a deponent available for three scheduled depositions.  B&G cancelled the first deposition, set for December 6, 2023, the day before it was scheduled.  ECF No. 29 at 7.  B&G cancelled the second deposition, set for January 17, 2024, on January 9.  *Id*. at 8.  B&G cancelled the third deposition, set for February 8, 2024, on February 5.  *Id*.  B&G had issued a third subpoena for the February 8 deposition.  That third subpoena, which is at ECF No. 29-5, includes the same document requests and deposition topics as the second subpoena, in response to which IEH had produced responsive documents.

B&G contends that for "over a year now, IEH has refused to produce relevant documents and a witness."  ECF No. 29 at 2.  IEH contends that it has produced all responsive documents and offered up a deponent, but that no deposition was taken only because B&G unilaterally cancelled the deposition on three occasions.  *Id.* at 3.  IEH states that the responsive documents include information about the following, among other topics: the approximately 380 products it tested for acrylamide during the relevant period; submission forms and certificates of analysis completed as part of the testing process; EHA's occasional emails regarding the tests; and, emails concerning a dispute between EHA and IEH concerning an outstanding bill and the reliability of

---

system and not to page numbers assigned by the parties.

[2] The parties dispute the date of IEH's last production.  IEH states it served that production on December 18, 2023 and it was received by B&G on December 23, 2023.  Doc. No. 30, ¶ 14.  B&G states IEH "supplemented its production" on January 8, 2024.  Doc. No. 29-1, ¶ 8.  While the timing question is not material to the instant dispute, the Court credits IEH's December timeline given that IEH references a delivery tracking number.  Doc. No. 30, ¶ 14.

IEH's tests. *Id.* at 5. IEH also states that pursuant to its ordinary procedures, it disposed of the samples it tested two weeks after completing testing. *Id.*

B&G seeks an order from the Court to compel IEH to produce responsive documents and designate a corporate deponent to testify in response to the January 16, 2024 subpoena. ECF No. 27. The Motion was originally filed in the Western District of Washington on March 6, 2024 before being transferred to this Court on May 16, 2024. ECF Nos. 1, 19. It is not clear why B&G then waited until August 30, 2024 to re-notice its Motion before this Court.

In the Joint Statement, B&G specifically seeks to compel further production of documents and testimony covering three areas: the condition of "tested products" when received from defendants and when tested, IEH's standard operating procedures, and IEH's test results in Proposition 65 acrylamide cases. ECF No. 29 at 9-17.

**Analysis**

**A. Document Production**

IEH represents it has produced all responsive documents in its possession. B&G suspects IEH's production is incomplete. However, B&G's briefing provides no grounds for the Court to believe that IEH has failed to conduct a reasonable search or is otherwise withholding documents. At the hearing, when the undersigned pressed counsel for B&G to substantiate B&G's suspicions, counsel for B&G noted three alleged areas of incomplete production: (1) allegedly missing information concerning EHA's testing with IEH ("Testing Information"), (2) allegedly missing invoices to EHA ("Invoices"), and (3) allegedly missing correspondence with EHA on the reliability of IEH's testing ("Reliability Correspondence").

The ensuing discussion between counsel and the Court illustrated confusion as to what Testing Information and Invoices IEH had produced. B&G's counsel claimed IEH produced a spreadsheet showing 167 relevant products tested but produced only 18 test results. IEH's counsel strongly objected to that characterization of IEH's production, claiming that IEH had produced multiple spreadsheets, collectively showing all 380 relevant products tested, as well as all available background documents concerning those products and tests. As to the Invoices, B&G simply seems dissatisfied with the amount of information contained on invoices produced

by IEH, and how to match the invoices with test results.

As to the Testing Information and Invoices, there is no basis for an order compelling further action by IEH. While the discovery already produced is not in the record, based on the very specific information IEH's counsel proffered at the hearing (which B&G's counsel was not able to rebut), B&G may simply be confused about exactly what it has received from IEH. To the extent B&G seeks to make sense of the production from IEH, that is of course a central purpose of a deposition in connection with the production of documents. Yet B&G unilaterally cancelled the two IEH depositions scheduled after IEH had finalized its production.

There is also no basis for an order compelling further action by IEH on the Reliability Correspondence. Based on email correspondence between IEH and EHA that was produced by IEH concerning a 2020 billing dispute (in which EHA alleged reliability issues with some of IEH's results), B&G suspects there should be more related correspondence. However, IEH's counsel represented at the hearing that after a reasonable search, IEH had produced all correspondence between IEH and EHA. IEH's counsel suggested that the billing dispute might have been resolved by way of a telephone call, as opposed to additional written correspondence.

Moreover, the Court's earlier ruling on an aspect of this correspondence undermines to some degree the basis for B&G's suspicion that it might contain anything meaningful about the reliability of IEH's testing. In one thread from the correspondence, counsel for EHA, Noam Glick, wrote to IEH that EHA had encountered problems with the reliability of IEH's work, which had caused EHA to withdraw Proposition 65 notices and even dismiss filed complaints. ECF No. 1-1 at 156. Glick attached an Excel file purporting to be a "small sampling of the problems we encountered." *Id*. This attachment spawned a discovery dispute in the underlying case, in which EHA successfully clawed back the Excel file as attorney work product. But in adjudicating that dispute, Judge Barnes found,

> The file Glick sent <u>does not reflect a sampling of problems related to the reliability of IEH's lab results</u>. Instead, the document appears to be Glick's case management of numerous Proposition 65 actions. The document is, as defendants [Embry and EHA] describe it, a "smorgasbord of notes and impressions concerning a litany of matters entirely unrelated to IEH's testing.

ECF No. 174 at 4-5 in Case No. 20-cv-526 (Order) (emphasis added).  Despite Judge Barnes's conclusion that the spreadsheet "does not reflect a sampling of problems related to the reliability of IEH's lab results," B&G characterizes the cover email for that spreadsheet as "evidence showing [IEH's] test results were found to be unreliable."  ECF No. 29 at 13.  This is clearly not a credible basis for B&G's suspicion about other purported Reliability Correspondence.

On the record before it, the Court does not find that IEH has failed to comply with the requests for production in the subpoenas, and thus the Court denies that aspect of the Motion.

**B. Deposition**

B&G also seeks to compel a deposition on the topics identified in the third subpoena.  IEH's filings indicated a willingness to again produce a deponent.  *E.g.*, ECF No. 29 at 20; ECF 9 at 7-8.  However, at the hearing, counsel for IEH indicated it may not be willing to do so given the cost of preparing for deposition on three previous occasions only to have B&G cancel, and the obsolescence of the third subpoena (issued January 16, 2024).  Neither party cited case law addressing the validity of a Rule 45 deposition subpoena under similar circumstances.

The Court believes the proper course is for B&G to serve a new subpoena.  There is no action for the Court to compel at this point: B&G itself cancelled the deposition that it set for February 8, 2024, and IEH has not categorically refused to comply with a hypothetical further deposition subpoena.  Any new deposition subpoena should exclude topics on which IEH cannot reasonably be expected to provide testimony, in particular Topic 16 (results from other laboratories), and otherwise tailor the topics to minimize the burden on IEH.

Should the parties have a dispute about any new deposition subpoena and be unable to resolve that dispute through their best efforts, they are encouraged to utilize the undersigned's informal discovery resolution process outlined in his Civil Standing Order.

**C. Conclusion**

Moving forward, the Court encourages B&G to be mindful that IEH is a non-party to the underlying litigation.  Rule 45(d)(1) provides that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a

person subject to a subpoena." As the record makes clear, IEH has already expended significant resources searching for and producing responsive documents, conferring with B&G over disputes, preparing deponents for depositions that B&G unilaterally cancelled, and briefing and arguing the instant dispute.

**IT IS HEREBY ORDERED**:

Defendants' Motion (ECF No. 27) is DENIED.

DATED: October 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE